

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| EMMIT BRAGER, <br> TDCJ #311725, <br>     Petitioner, <br><br> v. <br><br> RICK THALER, Director, <br> Texas Department of Criminal Justice, <br> Correctional Institutions Division, <br>     Respondent. | Civil No. 7:12-CV-214-O-BL |

## REPORT AND RECOMMENDATION

Petitioner, an inmate confined in the James V. Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. Brager challenges the validity of disciplinary action no. 20130010053 which was taken against him at the Allred Unit. Petition ¶ 17. Petitioner was found guilty of failing to obey an order. *Id.* The disciplinary case resulted in 15 days of recreation restriction and 30 days of commissary restriction. *See* Respondent's Advisory to the Court, Appendix A.[1]

Brager is not entitled to habeas relief. The temporary loss of recreation and commissary privileges does not implicate any constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").

---

[1] In his petition, Brager states that he doesn't know what punishments were imposed as a result of the disciplinary action because prison guards won't provide him with any information about the final result. Therefore, the Court enlisted the assistance of the Attorney General for the State of Texas to obtain Brager's disciplinary hearing report. *See* Doc. No. 11.

Petitioner concedes that he is not eligible for mandatory supervised release and the disciplinary hearing report reflects that Brager did not lose any previously earned good-time credits as a result of the disciplinary action. Petition ¶ 16; Respondent's Advisory to the Court, Appendix A. Therefore, he has no constitutionally protected liberty interest at stake. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary proceeding. Even if Brager were listed as an inmate eligible for mandatory supervision and he had lost previously earned good-time credits, his life sentence would render him ineligible for habeas relief because his good-time credits plus time served can never equal his life sentence[2] such that he would be actually released on mandatory supervision prior to his death. *See Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002).

For the foregoing reasons, it is RECOMMENDED that the petition for writ of habeas corpus be DENIED.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

---

[2] *See* Petition ¶ No. 3 (stating that Petitioner is serving a life sentence).

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

SO ORDERED this 5th day of March, 2013.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE